IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.   2:22-CR-178 |
| vs. | : | |
| THOMAS M. DEVELIN, | : | |
| Defendant. | : | |

SENTENCING MEMORANDUM FOR THOMAS M. DEVELIN

Now comes Defendant, Thomas M. Develin, through counsel, and hereby submits the following Sentencing Memorandum in support of a sentence within the Guideline Range, which is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

I. **Procedural History**

Mr. Develin was charged by way of Information with Making a Firearm in Violation of the National Firearms Act, in violation of 26 U.S.C. §§ 5861(f) and 5871 (Count One,) Unlawfully Engaging in the Business of Manufacturing and Dealing Machineguns, in violation of 26 U.S.C. §§ 5861(a) and 5871 (Count Two,) and Manufacturing and Dealing Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) (Count Three.)

On October 20, 2022, Mr. Develin entered pleas of guilty to all charges in the Information. He is now before the Court for sentencing.

II. **Determining Mr. Develin's Sentence**

The Statutory provisions for the charges in Counts One and Two of the Information include a maximum term of 10 years imprisonment, three years of supervised release, and a maximum fine of $250,000.00. For Count Three, the maximum term of imprisonment is five years, followed by a period of supervised release of three years, and a maximum fine of $250,000.00. There is no mandatory minimum term of imprisonment.

The Sentencing Guidelines are no longer mandatory, but instead are advisory. *United States v. Booker,* 543 U.S. 220 (2005). After the Supreme Court's decision in *Booker*, "district courts have enhanced discretion in the sentencing of criminal defendants." *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). "[D]istrict courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, 16 U.S.C. § 3553(a)(4), but only as one factor of several laid out in § 3553(a)." *Id*. (citing Booker 125 S. Ct. at 764).

The Sixth Circuit explains that a district court must: (1) acknowledge the defendant's applicable Guidelines range; (2) discuss the reasonableness of any variation from that range; and (3) consider the other factors identified in 18 U.S.C. § 3553 (a). *Id*.

A. **Guideline Range**

Pursuant to U.S.S.G. §§ 3D1.1(a)(1) and 3D1.2, all counts should be grouped together for sentencing.

The Presentence Investigation Report correctly identifies a base offense level of 18 for Count Group 1, pursuant to U.S.S.G. § 2K2.1, as the firearms Mr. Develin manufactured, possessed and/or sold included both a rifle with an overall length of less than 26 inches, and

several "coat hanger" devices, a Glock switch, sears and a bump stock, which are considered machineguns pursuant to 26 U.S.C. §5845(b).

A four-level enhancement is applied pursuant to U.S.S.G. § 2K2.1(b)(1)(B), as Mr. Develin's offense involved between 8 and 24 firearms.

Section 2K2.1(b)(5) of the U.S. Sentencing Guidelines provides for a four-level enhancement if the defendant engaged in the trafficking of firearms. Application Note #13(A) states subsection (b)(5) applies if the defendant (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual (I) whose possession or receipt of the firearm would be unlawful; or (II) who intended to use or dispose of the firearm unlawfully.

The Government argues for this enhancement, in part, because "certain firearms are unlawful for any person to possess or use in all or nearly all circumstances." However, Application Note #13(B) states that for this subsection, an individual whose possession or receipt of the firearm would be unlawful specifically means an individual who (i) has a prior conviction for a crime violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. As there is no evidence that Mr. Develin transferred firearms to an individual for whom possession or receipt would be unlawful, *as defined in Application Note #13(B),* the enhancement should not be applied.

The Government also contends that the enhancement applies, as Mr. Develin "had reason to believe his buyers intended to use or dispose of the firearms unlawfully because he sold firearms, lower receivers, and conversion devices that lacked serial numbers." The Government reasons that the lack of a serial number makes the firearm untraceable, and there is only one reason to possess an untraceable firearm, and that is to use it unlawfully. This speculation, devoid of any supporting evidence, is insufficient to apply the four level enhancement. The Presentence Report correctly determined that "[a]lthough the firearms Develin sold were illegal firearms, the transferee's intention to use or dispose of the firearms unlawfully is not supported by the facts of the case," (PSI ¶ 33,) and determined that an increase for trafficking in firearms was not warranted.

A two-level enhancement for Obstruction of Justice, pursuant to U.S.S.G. § 3C1.1 applies, as Mr. Develin hid evidence and/or destroyed once he was aware that an investigation was underway.

The Presentence Investigation Report correctly applied the appropriate reduction for Acceptance of Responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), noting that his obstructive behavior occurred on March 27, and 28, 2022, but he cooperated fully beginning at the time of his arrest only three days later, and timely notified authorities of his intention to enter a guilty plea.

Therefore, the Total Offense Level is 21. Mr. Develin has no juvenile or adult criminal convictions, resulting in a Criminal History Category of I. The guideline imprisonment range is 37 to 46 months.

B.  **Departure from the Guideline Range**

The probation officer identified several factors that may warrant a departure from the Guideline Range: first, if there are circumstances that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence; second, to reflect the seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason, and (2) that did not enter into the determination of the applicable guideline range; third, the fact that Mr. Develin received only a four-level enhancement instead of a six-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1) due to the definition of "firearm" in 18 U.S.C. § 921(a)(3) which does not include devices intended for use in converting a weapon into a machinegun; and finally a departure based on Mr. Develin's online activity which included messages, photographs, and videos that contained anti-Semitic, violent, racist and misogynist content.

Section 5K2.21 of the U.S.S.G. indicates that the Court may take into account dismissed or uncharged conduct. In this case, no charges were dismissed as part of a plea agreement, nor were any potential charges not pursued as part of a plea agreement. Further, Mr. Develin's conduct has resulted in additional charges. Mr. Develin has been indicted in Franklin County Common Pleas Court, charged with two counts of Making Terroristic Threats, in violation of Ohio Revised Code § 2909.23, one count of Tampering with Evidence, in violation of R.C. § 2921.12, and two counts of Possession of a Dangerous Ordnance, in violation of R.C. § 2923.17. These charges arose from the same conduct described in the Presentence Investigation Report as well as the Government's sentencing memorandum. As Mr. Develin is being held accountable for these actions, an upward departure pursuant to U.S.S.G.§ 5K2.21 is unwarranted.

C.   **Section 3553 Factors**

The factors identified in 18 U.S.C. § 3553(a) suggest a sentence below the Guideline range would be appropriate for Mr. Develin.  In reviewing a sentence for reasonableness, the Sixth Circuit looks to whether the district court considered the relevant § 3553(a) factors.  *See United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).  The Sixth Circuit explains, "a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *Id.* At n.1 (quoting 18 U.S.C. § 3553(a)).

Section 3553 (a) states:

> (a) Factors to be considered in imposing a sentence.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the Sentencing Guidelines];

(5) [the policy statements issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Thomas Develin was born in Chillicothe, Ohio in September, 1997. His father, William is a retired nuclear engineer. His mother, Toni, is a retired victim's advocate for Ross County Municipal Court. He has a sister, Katie, who is six years older. Tom grew up in a loving environment. He was raised Catholic and attended church regularly. In school, he was active in several sports. He enjoyed camping, and participated in Boy Scouts, eventually earning the recognition of "Eagle Scout."

Tom was a good child, but a poor student. Learning did not come easily. In high school, it was determined that he qualified for a Section 504 Plan, which allows students who may have a disability additional time to finish assignments or complete tests or quizzes. He managed to graduate from Waverly High School in 2016. His grade point average was 1.643.

Tom joined the Ohio Army National Guard in 2015, at the age of seventeen. He completed his basic training before his high school graduation. After graduation, Tom completed Advanced Individual Training and pre-deployment training at Fort Sill, Oklahoma. On June 30, 2017, Tom was deployed to Afghanistan. He returned home in March, 2018. He remained employed with the Ohio National Guard, and contracted to process paperwork when he was not deployed. Additionally he worked as a security officer at the Abercrombie and Fitch headquarters in New Albany, Ohio, and as an Uber driver.

In October, 2021, Tom completed the Ohio Private Security Firearms Training Program. He was approved for a security officer license, which permitted him to carry a firearm during his employment. At that time, Tom had just been hired to work at Sahara Global Security in Columbus, Ohio, having passed a thorough background check.

Tom had formed close relationships with soldiers from Ohio who were serving in his unit. They communicated regularly in a private chat room on Discord, a type of social media platform. There were a handful of regulars who exchanged comments, vulgarities, inappropriate humor, and distasteful opinions. The posts soon grew worse, with members attempting to out-do each other in crassness, often posting comments for the shock value. These communications were kept within the group, never intended for others to read. One of the people who participated in the Discord chatroom was fellow National Guardsman Nathan Garrett.

On October 20, 2021, Tom and several National Guard friends were at a cabin, drinking and socializing. Without a warning, Nathan pulled his gun and shot himself. Tom was unable to save him. The Ohio National Guard decided to cancel the scheduled deployment of the soldiers who were present, due to concerns regarding their mental health.

While going through his personal effects, Nathan's parents discovered the Discord comments that Nathan, Tom and others had posted. She informed the National Guard who then turned it over to civilian law enforcement. Tom's superior officers instructed him to cease posting on Discord. Tom, realizing that an investigation was likely underway, hid and destroyed evidence near the cabin in Chesterhill, Ohio.

Law enforcement obtained a warrant to search Tom's residence. On March 31, 2022, law enforcement discovered firearms, ammunition, Tannerite-brand explosive targets, and a 3D printer for manufacturing ghost guns. Tom was arrested and interviewed. He admitted to making

ghost guns, and selling devices used to convert semi-automatic weapons to fully automatic weapons. Tom explained that other items that were discovered in the search, such as night vision goggles, ballistic plates and helmet, first aid equipment and ammunition were for use in his employment, or for training with the National Guard.

On April 8, 2022, Tom was indicted in Common Pleas Court with five felonies. He posted bond and was placed on house arrest. The Court permitted Tom to work and go to counseling. Members of the Jewish community appeared at Tom's court hearings and expressed concerns about Tom's freedom of movement, as they believed he was a danger to their community. Recognizing the harm that his posts had caused, and appreciating the fear that they rightfully felt, Tom elected to pursue counseling remotely, with the intention that he could, in some small way, assuage their concern. During his counseling, Tom discussed his abuse of alcohol, something that had increased since his first deployment. Like many other perceived signs of weakness, Tom kept it hidden.

On June 28, 2022, a Federal arrest warrant was filed. Tom was arrested the following day, and has been detained since. He has used his time to the best of his abilities, participating in the incarcerated veteran's program, and studying the Alcoholics Anonymous materials which have been provided.

Tom has the support of his family and his friends. His parents have written letters to the Court expressing their commitment to seeing that Tom has a place from which to start over after his incarceration. Letters from childhood friends describe him as helpful and respectful. More importantly, the attached letter from Tom shows his sincere regret for his actions, and genuine appreciation for the harm he has caused. These letters accurately describe the history and characteristics of Mr. Develin.

After Tom is sentenced in Federal Court, he will still have to answer to the charges in State Court. Although the specific details have not been formalized, it is expected that he will enter a plea of guilty to several of the charges, and will be sentenced to a period of incarceration. During his incarceration, Tom is intent on continuing his counseling. He barely got started before he was arrested on the Federal warrant, but already recognized that it was helpful. Continued counseling will decrease the possibility of recidivism, and provide protection for the public from further acts by Tom.

Tom understands that his offenses are serious, and he will be sent to prison. He accepts that. Any prison sentence will act as a deterrent to others who may consider committing the same offenses.

For these reasons, Defendant respectfully requests that the Court sentence him to a sentence within the Guideline Range, followed by three years of supervised release, as it will be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

**/s/ Robert F. Krapenc**
ROBERT F. KRAPENC 0040645
150 East Mound Street, Suite 310
Columbus, Ohio 43215
P: (614) 221-5252
F: (614) 224-7101
Bob@Krapenclaw.com
Counsel for Defendant Thomas M. Develin

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the following on February 22, 2023, by electronic mail:

Assistant U.S. Attorneys Peter Glenn-Applegate and Jessica Knight
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

            **/s/ Robert F. Krapenc**
            ROBERT F. KRAPENC